**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MATTHEW BYRNES,**

**Plaintiff,**

**v.**

**ST. CATHERINE HOSPITAL, et al.,**

**Defendants.**

**Case No. 21-2086-DDC**

**MEMORANDUM AND ORDER**

Plaintiff Matthew Byrnes designated his trial venue as Kansas City. Defendants St. Catherine Hospital and Centura Health Corporation have asked the court to change that venue. The events leading to this lawsuit happened at a hospital in Garden City, so defendants propose the closest statutorily acceptable[1] location—Dodge City. Defendants assert that this location is far more convenient than plaintiff's choice, Kansas City.[2]

Under D. Kan. Rule 40.2(e), the court isn't bound by a party's designated place of trial. Instead, the court "may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e). When determining the proper place for trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). Section

---

[1] *See* 28 U.S.C. § 96 (authorizing District of Kansas to hold court in Kansas City, Lawrence, Leavenworth, Salina, Topeka, Hutchinson, Wichita, Dodge City, and Fort Scott).

[2] Plaintiff asserts that defendants have waived their venue arguments. Doc. 226 at 3. But our court treats motions to transfer venue as motions made under 28 U.S.C. § 1404, and a party can make § 1404 arguments about litigation convenience at any time. 15 *Wright & Miller's Federal Practice & Procedure* § 3844 (4th ed. 2026).

1404(a) grants "broad discretion in deciding a motion to transfer based on a case by-case review of convenience and fairness." *ABF Freight Sys., Inc. v. McMillian*, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018) (quotation omitted). Cases from our court identify these factors as ones courts should consider when deciding where to designate the place of trial: "(1) plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that makes a trial easy, expeditious, and economical." *McDermed v. Marian Clinic, Inc.*, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* Defendants' argument here focuses solely on the first two factors, so the court's analysis will follow suit. *See* Doc. 225 at 6–10.

The first factor is plaintiff's choice of forum. Defendants argue that the court should give plaintiff's choice zero weight because he doesn't live near Kansas City. Doc. 225 at 6. Plaintiff doesn't dispute his residence. Doc. 226 at 4. And this factor is "largely inapplicable if the plaintiff does not reside" in the location designated for trial. *Menefee v. Zepick*, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009). The court thus assigns less weight to this factor, concluding that it weighs only slightly in favor of plaintiff's choice of Kansas City. *See Tiffany v. City of Topeka*, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009) (weighing choice-of-forum factor "only slightly in favor of plaintiff" where plaintiff didn't reside in his choice of forum).

The second factor—convenience of witnesses—is where the action is. It's the "primary, if not the most important, factor to consider in deciding a motion to transfer." *Menefee*, 2009 WL 1313236, at *2. A plaintiff's proposed forum must be "substantially inconvenient" to

warrant a change in forum. *Id.* A proposed trial location is substantially inconvenient if all or practically all the witnesses reside in a different location and traveling to the proposed trial location would impose a substantial burden on them. *Id.* In showing a substantially inconvenient forum, defendants must "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary." *LeTourneau v. Venture Corp.*, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McDermed*, 2014 WL 6819407, at *2).

Of the 69 putative witnesses, 31 of them live in western Kansas. Doc. 225 at 3. One witness lives in Pratt, which is closer to Dodge City than Kansas City. *Id.* At most, two witnesses live in Wichita, which is only slightly closer to Dodge City than it is to Kansas City. *Id.* The other 35 witnesses live out of state, or in an unspecified location. *Id.* at 3–4. So, it's a split; half are in Kansas and closer to Dodge City and half are out of state. That means travel will impose a substantial burden on witnesses no matter where the trial occurs.

For out-of-state witnesses, Kansas City is more convenient than Dodge City thanks to its larger airport and broader range of flight options. Defendants cite *Callahan v. Bledsoe*, in which our court rejected concerns about travel for out-of-state witnesses. 2017 WL 1303269, at *4 (D. Kan. Apr. 6, 2017). But in *Callahan*, the court was deciding whether to move the trial from Kansas City to Wichita. *Id.* That's a very different choice than the one the court faces here. Dodge City has a small airport that offers flights by just one airline to just one city—Denver. *See Dodge City Regional Airport*, City of Dodge City Kansas, https://www.dodgecity.org/60/Airport (last visited Oct. 22, 2026).

Defendants fault plaintiff for failing to identify which out-of-state witnesses he plans to call at trial to testify in person. Doc. 227 at 3. But, at this juncture, no one knows how many out-of-state witnesses will testify in person. Defendants also fault plaintiff for failing to demonstrate a personal connection to Kansas City, but the court already considered this in its analysis of the first factor. Defendants thus have failed to shoulder their burden to show that Kansas City is substantially inconvenient.

Defendants, perhaps sensing that their Dodge City argument might not persuade, have proffered an alternative trial location: Wichita. Doc. 225 at 11. Wichita solves many of the convenience problems for this case. It's closer to the western Kansas witnesses. It has an active commercial airport with many daily flights to many cities for out-of-state witnesses to use. And, not for nothing, all the case's lawyers are based in Wichita. The court concludes that the convenience-of-witnesses factor, which is the most important factor, favors moving this trial to Wichita. So, the court relocates the trial venue for this case to Wichita, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Change of Trial Venue (Doc. 225) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** this case is set for trial in Wichita, Kansas on March 1–5, 2027. A separate trial order will follow.

**IT IS SO ORDERED.**

**Dated this 23rd day of October, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**